UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TODD DAVENDER

    V.

                               PRISONER
                        CASE NO. 3:11cv568 (AWT)

UNITED STATES OF AMERICA

**RULING AND ORDER**

The petitioner is currently incarcerated at Fairton Federal Correctional Institution in Fairton, New Jersey. Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the petitioner's 2001 federal conviction and sentence on narcotics charges.

**I.    Procedural Background**

After his arrest on August 27, 2000, the petitioner was arraigned in this court on September 20, 2000 on various narcotics charges stemming from incidents that occurred from June 1999 to August 2000. *(See United States v. Baldwin, et al.*, Case No. 3:00cr44 (JCH) (Docket Entries 48, 120.) On November 6, 2001, a jury found the petitioner guilty of one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and two counts of conspiracy to possess with intent to distribute five hundred grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1)

and (b)(1)(B).  On January 25, 2002, United States District Judge Janet C. Hall sentenced the petitioner to a total effective sentence of 360 months of imprisonment.  (*See id.* (Docket Entries 538-41.)

The petitioner appealed his conviction.  On November 12, 2003, the Court of Appeals for the Second Circuit affirmed the judgment of conviction.  *See id.* (Mandate Court Appeals Second Circuit, Doc. No. 584.)

On October 1, 2004, the petitioner filed a motion to vacate or set aside sentence claiming ineffective assistance of trial and appellate counsel, prosecutorial misconduct and trial court error as to the calculation of his sentence.  (*See id.* Mot. Vacate Sentence, Doc. No. 591.)  On May 2, 2008, the court denied the motion.  (*See id.* Rul. Denying Mot. Vacate, Set Aside, Correct Sentence, Doc. No. 670.)  On November 30, 2009, the United States Court of Appeals for the Second Circuit dismissed the petitioner's appeal from the denial of the section 2255 motion.  (*See id.* Mandate of United States Court of Appeals for the Second Circuit, Doc. No. 692.)

On November 29, 2011, the petitioner filed a motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2).  He argued that the court should reduce his sentence because Amendment 750 to the United States Sentencing Guidelines, effective on November 1, 2011, reduced the base offense levels applicable to crack cocaine offenses and applied retroactively.

On December 21, 2011, the court granted his motion and reduced his total effective sentence to 324 months of imprisonment.  (*See id.* Orders, Docs. Nos. 716-17.)

The present petition challenges petitioner's federal conviction and sentence on the ground that Fair Sentencing Act of August 3, 2010 ("FSA") requires a reduction in his total effective sentence.  The FSA amended 21 U.S.C. § 841(b)(1)(A)(iii) and (b)(1)(B)(iii) to increase the quantities of crack cocaine that would trigger the ten-year and five-year mandatory minimum sentences for crack cocaine offenses.

Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States.  *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997).  Today, this authority is codified at 28 U.S.C. § 2241(c)(3).  In 1948, however, Congress enacted 28 U.S.C. § 2255.  This statute "channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently."  *Id.*

Currently, "[a] motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison

disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)(citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)). A § 2255 motion, on the other hand, is considered "the proper vehicle for a federal prisoner's challenge to [the imposition of] his conviction and sentence." *Id.* at 146-47. Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to § 2255 rather than a petition filed pursuant to § 2241.

Because the present petition challenges the legality of the petitioner's sentence, it should have been filed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the court in which the petitioner was sentenced. In *Jiminian*, 245 F.3d at 148, the Second Circuit held that a district court may construe a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 as a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, without providing the petitioner with notice or an opportunity to withdraw the petition, as long as the petitioner "has had a prior § 2255 motion dismissed on the merits."

Here, the petitioner filed a prior motion pursuant to section 2255 and the court denied the motion on the merits. *See United States v. Baldwin, et al.*, Case No. 3:00cr44 (JCH) (Rul.

Mot. Vacate, Set Aside, Correct Sentence) (D. Conn. May, 2, 2008.)  Accordingly, the court construes the petition for habeas corpus as a second motion filed pursuant to 28 U.S.C. § 2255.

The district court has no power to entertain a second or successive section 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court.  *See* 28 U.S.C. § 2244(b)(3); *Nelson v. United States*, 115 F.3d 136, 136 (2d Cir. 1997) (*per curiam*) (vacating "for lack of jurisdiction" a district court judgment that dealt with a successive § 2255 motion "on its merits" where this Court had not granted authorization for the filing of that motion).  Where the court determines that a petition raises only claims which are properly brought under section 2255, that the petitioner has filed a prior section 2255 motion which was dealt with on the merits, and that the petitioner has not obtained authorization from the court of appeals to file a second petition, the district court must transfer the motion to this Court.  *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curiam*).

Because the petitioner's prior section 2255 motion was decided by this court on the merits, the court must follow the directive given to district courts in *Liriano* and transfer this petition, which challenges his federal conviction and sentence, to the United States Court of Appeals for the Second Circuit in the interest of justice, pursuant to 28 U.S.C. § 1631.  In accordance with the requirements of 28 U.S.C. § 2255 and pursuant

to 28 U.S.C. § 1631, the Clerk is directed to transfer this case to the United States Court of Appeals for the Second Circuit to enable that court to determine whether the claim raised in this petition should be considered by the district court.

It is so ordered.

Dated this 19th day of December 2012, at Hartford, Connecticut.

>                 /s/AWT
>             Alvin W. Thompson
>         United States District Judge